UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SOLANO, et al.,<br><br>Defendants. | No. 2:21-cv-0332-KJM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's initial 34-page filing, entitled "Complaint for Registration of a Judgment From Another District [42 U.S.C. § 1983]," was liberally construed as a prisoner civil rights complaint and this civil action was opened. ECF No. 1. Plaintiff, who is barred from proceeding in forma pauperis according to 28 U.S.C. § 1915(g), paid the $402 filing fee. *See* ECF No. 7. Subsequently, the court screened the complaint recommended that this action be dismissed for lack of subject matter jurisdiction and as frivolous. ECF No. 12. Plaintiff now requests a partial refund of the filing fee on the ground that his case should have been opened as a "miscellaneous" action to register a foreign judgment. ECF Nos. 16, 17. He is mistaken.

/////

/////

1

     Under Rule 3 of the Federal Rules of Civil Procedure, "A civil action is commenced by filing a complaint with the court." Plaintiff commenced this civil action by filing a complaint with the court. ECF No. 1. In the complaint, plaintiff alleges numerous violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *See id.* at 1-2, 5 (including due process, equal protection, and access to the court). He also invokes supplemental jurisdiction over unidentified state law claims. *Id.* at 2. Significantly, the complaint seeks relief beyond the miscellaneous task of registering a foreign money judgment. *See id. at* 5, 13, 18-20 (requesting that the court "issue and grant an order to enforce the expressed contractual agreement by and between the Parties . . ." and for various forms of declaratory and injunctive relief). The Clerk of the Court properly opened this case as a civil action – the proper vehicle for seeking such relief. Thus, the case should not be re-designated as a "miscellaneous" case, which carries only a $47 fee, and no refund is due.

     Accordingly, it is RECOMMENDED that plaintiff's request for a partial refund of the filing fee and for the re-designation of this action as "miscellaneous" (ECF Nos. 16 & 17) be DENIED.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2021.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE